IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 24-10079-JWB

RUBEN ORTIZ-MORENO,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss count 1 of the Indictment filed against him based on 1) an alleged violation of Defendant's Second Amendment rights and 2) Congress exceeding its Commerce Clause authority in enacting 18 U.S.C. § 922(g)(5). (Doc. 24, 25.)  The motion is fully briefed and ripe for decision.  (Docs. 24, 25, 26, 27, 30.)  The motion is denied for the reasons stated herein.

**I.    Facts**

Defendant Ruben Ortiz-Moreno is charged with knowingly possessing a New Frontier Armory, model LW4, 5.56 NATO caliber pistol while being an illegal alien and unlawfully in the United States in violation of 18 U.S.C. § 922(g)(5). (Doc. 1.) The indictment provides no further factual basis.

**II.   Standard**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  An indictment is subject to dismissal for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).  "An indictment is

1

sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991).

**III.     Analysis**

As an initial matter, Defendant acknowledges that his Commerce Clause challenge is foreclosed by binding circuit precedent and presents the issue merely for preservation purposes. (Doc. 25 at 2.)  The court agrees that current Tenth Circuit precedent is binding and dictates denying the motion.  *See, e.g., United States v. Patton*, 451 F.3d 615, 635 (10th Cir. 2006) ("Because Mr. Patton's bulletproof vest moved across state lines at some point in its existence, Congress may regulate it under *Scarborough*, even though it does not fall within any of the three categories the Court now recognizes for Commerce Clause authority.")  The court therefore denies the motion to dismiss based on the Commerce Clause.

18 U.S.C. § 922(g)(5) prohibits aliens who are "illegally or unlawfully in the United States" from shipping, transporting, or possessing firearms or ammunition.  Defendant argues that this statute is unconstitutional as applied to him. (Doc. 24 at 1.) To prevail on this challenge, the Defendant must show that the plain text of the Second Amendment applies to his conduct, at which time the government then has the burden to show that the regulation is consistent with this nation's historical firearm regulation tradition.  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).  This standard requires a "historical analogue" between the modern regulation and historical regulations, not a "historical twin."  *United States v. Rahimi*, 602 U.S. 680, 701 (2024).

Defendant contends that this challenge is a case of first impression within the Tenth Circuit. (Doc. 29 at 2.)  However, this contention is not entirely accurate.  Although the Tenth Circuit itself

has not issued an opinion on the constitutionality of § 922(g)(5) after *Bruen*, several district courts in the Tenth Circuit have faced challenges to the constitutionality of § 922(g)(5) and have found it to pass constitutional muster. *See, e.g., United States v. Figueroa-Camarillo*, 730 F. Supp. 3d 1137, 1141 (D.N.M. 2024) (holding the "Government identifies historical limitations on noncitizens' right to bear arms—justifying its regulation"); *United States v. Salazar*, No. 24-CR-125-JFH, 2024 WL 2946569, at *1-2 (N.D. Okla. June 11, 2024) (rejecting a facial challenge to § 922(g)(5)); *United States v. Duque-Ramirez*, No. CR-24-13-SLP, 2024 WL 4508582, at *7 (W.D. Okla. Oct. 16, 2024) (holding § 922(g)(5)(A) is consistent with this Nation's historical tradition of firearm regulation). This also includes previous decisions in the District of Kansas. *United States v. Gonzalez-Peralta*, 743 F. Supp. 3d 1293, 1299 (D. Kan. 2024) (holding that the defendant "provided this Court with no compelling reason why § 922(g)(5) is uniquely unconstitutional in his situation"); *United States v. Martinez*, No. 24-CR-10026-EFM, 2024 WL 5089997, at *5 (D. Kan. Dec. 12, 2024) (ruling that it is "logically consistent to conclude that [an illegally present alien] do[es] not fit into the categories of 'law-abiding' or 'citizens' ").

The undersigned sees no reason to depart from the precedent of this district and the decisions of his learned colleagues. It is reasonable to conclude that illegally present aliens do not fit into the categories of "law-abiding, responsible citizens," or "members of the political community" which are afforded protection under the Second Amendment. *D.C. v. Heller*, 554 U.S. 570, 580, 634 (2008). Moreover, the U.S. Supreme Court has affirmed the proposition that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). Indeed, by its own terms, the Second Amendment acknowledges the inherent right of "the people" to keep and bear arms. *See* U.S. Const. amend. II ("the right of the people to keep and bear Arms, shall not be infringed"). Illegal aliens are not part of "the

people" to whom the Second Amendment applies. *See, e.g.*, *United States v. Sitladeen*, 64 F.4th 978, 987 (8th Cir. 2023) ("unlawful aliens are not part of "the people" to whom the protections of the Second Amendment extend"). *But cf. United States v. Huitron-Guizar*, 678 F.3d 1164, 1169 (10th Cir. 2012) ("We think we can avoid the constitutional question by assuming, for purposes of this case, that the Second Amendment, as a "right of the people," could very well include, in the absence of a statute restricting such a right, at least some aliens unlawfully here—and still easily find § 922(g)(5) constitutional"). Generally speaking, when provisions of the Bill of Rights are intended to apply universally, the language is cast in terms such as "person," or in terms that restrain the government in a broader sense. *See, e.g.*, U.S. Const. amend. V ("No *person*" shall be prosecuted without an indictment; "nor shall any *person*" face double jeopardy); U.S. Const. amend. VI ("in all criminal prosecutions, *the accused* shall enjoy the right to a speedy and public trial"). Even in the absence of a ruling from the Tenth Circuit, numerous other circuit courts have held that § 922(g)(5) survives constitutional challenges post *Bruen*. *See, e.g.*, *Sitladeen*, 64 F.4th at 987 (concluding "the plain text of the [Second] Amendment does not cover *any* conduct by unlawfully present aliens"); *United States v. Medina-Cantu*, 113 F.4th 537, 541 (5th Cir. 2024) ("the Second Amendment's plain text does not cover the conduct of aliens who are unlawfully present in the United States"); *United States v. Ramirez*, No. 22-14297, 2024 WL 3757080, at *4 (11th Cir. Aug. 12, 2024) (holding § 922(g)(5) is consistent with the Second Amendment's text and history and passes constitutional muster).

Therefore, Defendant's motion to dismiss his indictment under 18 U.S.C. § 922(g)(5) on the grounds that the statute is unconstitutional under the Second Amendment is denied since he has not met his necessary burden of showing that his conduct is covered by the Second Amendment.

5

IV.     **Conclusion**

Defendant's motion to dismiss Count 1 of the Indictment filed against him on the grounds that it violates his Second Amendment right to keep and bear arms (Doc. 24) is DENIED. Additionally, Defendant's motion to dismiss Count 1 of the Indictment filed against him on the grounds that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. 922(g)(5) (Doc. 25) is DENIED.

IT IS SO ORDERED.  Dated this 17th day of April, 2025.

                                                    __s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE